UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY,

       Plaintiff,

                                                            Case No. 13-10209
                                                            Honorable Gershwin A. Drain

v.

MICHAEL GARCIA, *et al.*,

       Defendants.

_____/

ORDER OF DISMISSAL

     Plaintiff, Allstate Insurance Company ("Allstate"), filed the instant action seeking a declaration that it is not obligated to defend and indemnify Defendant Robert Bellows, its insured, in a lawsuit currently pending in the Wayne County Circuit Court, Detroit, Michigan ("state court action"). In the state court action, the plaintiff, Michael Garcia, alleges that Robert Bellows injured him while Bellows was the pizza delivery driver for his employer, Happy's Pizza #14, Incorporated. The question of insurance coverage rests upon whether the business-use exclusion in Allstate's policy applies to the circumstances giving rise to the state court action.

     This Court has discretion whether to exercise jurisdiction in declaratory judgment actions. Allstate failed to address the factors relevant to determining whether this Court should exercise its discretion, thus the Court ordered Allstate to show cause why the case should not be dismissed without prejudice. Allstate responded to the Court's Order to Show Cause, arguing that there are

-1-

"specific bases justifying this Honorable Court's exercise of its discretionary powers in accepting jurisdiction of this declaratory judgment action . . . ." *See* Dkt. No. 11 at 2. Specifically, Allstate contends that this matter will settle the controversy of insurance coverage between Allstate and its' insured, Robert Bellows, that a judgment in this action will not create friction between the federal and state courts and the state court remedy is less effective than the instant declaratory judgment action.

Although the federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), the exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), is not mandatory. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942); *see also Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 969 (6th Cir. 2000) ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants.") Additionally, the Sixth Circuit Court of Appeals has held that "in insurance coverage diversity cases[,] declaratory judgment actions seeking an advance opinion on indemnity issues are seldom helpful in resolving an ongoing action in another court." *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 812 (6th Cir. 2004). However, "[t]hat is not to say that there is a per se rule against exercising jurisdiction in actions involving insurance coverage questions." *Id.* at 812-13.

Instead, several factors have been articulated by the Sixth Circuit Court of Appeals to be considered by a district court faced with a complaint seeking relief under the declaratory judgment act: (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the

declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective." *Grand Trunk W. R. Co. v. Consolid. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984); *see also Bituminous Cas.*, 373 F.3d at 814-15.

As to the first factor, whether this action will settle the controversy in the state court action, the Court finds that this factor favors abstention. A decision concerning whether the business-use exclusion precludes coverage for Bellows will not resolve the underlying dispute between the parties in the state court action. The relevant inquiry for the second factor is whether the federal judgment will "resolve, once and finally, the question of the insurance indemnity obligation of the insurer." *Scottsdale Ins. Co. v. Flowers,* 513 F.3d 546, 557 (6th Cir. 2008). The second factor does not favor abstention as a judgment will resolve the underlying indemnity question. Further, the third factor does not favor abstention as there is no evidence that Allstate has acted improperly by filing this action in this Court.

However, as with the first factor, the fourth factor favor abstention. The United States Supreme Court has cautioned that "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995) (quoting *Brillhart*, 316 U.S. at 495). In this instance, resolution of the contractual issue requires interpretation of state law intertwined with state policy. Thus, there is a risk that a declaratory judgment by this Court may be decided

differently than if the coverage dispute issue were resolved by the state court. This factor favors abstention. Similarly, the fifth factor favors abstention. When state law provides an avenue for the resolution of insurance coverage, the fifth factor favors declining jurisdiction. *See Scottsdale Ins. Co.*, 513 F.3d at 562. Here, Allstate "could have presented its case to the same court that will decide the underlying tort action." *Bituminous*, 373 F.3d at 816. Contrary to Allstate's argument, there is no basis for its assertion that the federal court will provide a better or more effective remedy. Michigan allows insurers to bring declaratory judgment actions in state court. *See* Mich. Ct. R. 2.605; *see also Rose v. State Farm Mut. Auto. Ins. Co.*, 274 Mich. App. 291, 294, 732 N.W.2d 160, 162 (2006). While Allstate could not be joined as a party in the tort case, see Mich. Comp. Laws § 500.3030, it could have commenced a separate action, identical to the present action, in state court and moved for consolidation before the same judge presiding over the state court action.

Thus, the Court finds that the *Grand Trunk* factors favor abstention. Thus, the Court declines to exercise its jurisdiction under the Declaratory Judgment Act and DISMISSES THIS ACTION WITHOUT PREJUDICE.

SO ORDERED.

Dated: May 10, 2013                               /s/Gershwin A Drain
                                                  GERSHWIN A. DRAIN
                                                  United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 10, 2013, by electronic and/or ordinary mail.

/s/ Marcia Beauchemin
Deputy Clerk